*394
SUMMARY ORDER

Fei Liu, a native and citizen of the People’s Republic of China, seeks review of a February 19, 2008 order of the BIA, affirming the April 3, 2006 decision of Immigration Judge (“IJ”) Thomas J. Mulligan, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Fei Liu, No. A98 998 040 (B.I.A. Feb. 19, 2008), aff'g No. A98 998 040 (Immig. Ct. N.Y. City Apr. 3, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ’s decision as the final agency determination. See, e.g., Twum v. INS, 411 F.3d 54, 59 (2d Cir.2005). This Court reviews the agency’s factual findings under the substantial evidence standard. The Court reviews de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
As a preliminary matter, in his brief to this Court, Liu does not challenge the agency’s denial of his application for withholding of removal or relief under the CAT. Accordingly, we deem any such challenge waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n. 7 (2d Cir.2005) (emphasizing that, “[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal”).
Moreover, we find that substantial evidence supports the IJ’s determination that Liu failed to demonstrate a well-founded fear of persecution on account of a protected ground based on his illegal departure from China. As amended by the REAL ID Act, Title 8, Section 1158(b)(l)(B)(i) of the U.S.Code provides that an asylum “applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant.” Liu argues in his brief to this Court that he has a well-founded fear of persecution based on an imputed political opinion because he illegally departed China. We have observed that the possibility that an individual may suffer prosecution for violating a generally applicable statute does not, by itself, constitute a valid basis for granting asylum. See Qun Yang v. McElroy, 277 F.3d 158, 163 n. 5 (2d Cir.2002) (per curiam); see also Saleh v. U.S. Dep’t of Justice, 962 F.2d 234, 239 (2d Cir.1992). Further, Liu provides no evidence to indicate that Chinese authorities would impute to him an anti-government political opinion based on his illegal departure. See Yueqing Zhang, 426 F.3d at 545 (asylum applicants are required to show the persecutor’s motive through direct or circumstantial evidence). Therefore, we find that the IJ did not err in denying Liu’s asylum claim based on the lack of a nexus to a protected ground. Id.-, see 8 U.S.C. § 1101(a)(42). Because Liu failed to show the objective likelihood of persecution needed to make out an asylum claim, we need not consider his challenge to the IJ’s adverse credibility finding.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.